JiSCHOTT, Chief Judge.
Pursuant to an order of the Supreme Court we grant certiorari in order to consider the validity of a judgment of the trial court overruling defendant’s motion to suppress crack cocaine found on his person. After reviewing defendant’s application and' the transcript of the hearing on the motion to suppress, we previously declined to exercise our supervisory jurisdiction noting that defendant would have an adequate remedy by appeal if he is eventually convicted. Notwithstanding that he will have an appeal of right, the Supreme Court has ordered us to grant “discretionary” review at this early stage of the proceedings. 646 So.2d 369. We have reexamined the application and the original brief of defendant and we have studied defendant’s supplemental brief which is practically identical to the original one along with the state’s brief. Having gone through this exercise, we have readily concluded that defendant’s application has no merit whatsoever, and the judgment of the trial court is affirmed.
Generally, we do not grant discretionary review of a judgment denying a motion to suppress because the defendant’s rights are not violated as a result. In many cases, his own interests are better served by this policy, and the policy |2promotes efficiency in the administration of the judicial system.
In this case after the trial court denied his motion to suppress on September 8, 1994, he gave notice of his intention to invoke the supervisory jurisdiction of this court. Given until September 22 to file his application, he failed to do so until October 5. In typical fashion this court promptly considered his application and acted upon it on October 10. After being ordered by the Supreme Court on November 18 to review his application and to order briefing we issued an order on December 6 for briefing which was complied with by both sides. The result we now reach is for all practical purposes the same as the one we reached in October. Throughout this period of time, defendant has apparently been incarcerated. Had he not gone through this procedure, his case would probably have gone to trial shortly after the court denied his motion. This is so because the docket of this particular trial judge and those of the Criminal District Court in general are quite current. Defendants receive speedy trials there. Of course the defendant also had the option of entering a Crosby plea and had an appeal of right as to the judgment now being reviewed. These alternative procedures would also have saved lawyer time in the long run. Consequently, defendant’s interests would have been better served without this review.
Clearly, the present review is counter productive. Here the defendant may take an appeal if he is convicted and if he can convince a court that his appellate counsel is ineffective he may take another appeal thus generating a succession of reviews for this one defendant. Piecemeal and multiple reviews by appellate courts should be discouraged. Also there is the possibility that defendant would not have been convicted in October in which case all of this is for naught, not to mention the extended, unwarranted incarceration of defendant.
hOf course, we have not applied this policy without making the exception for the case where the judgment denying the motion to suppress appears to be wrong on the face of the application. We hasten to add that we insist that such applications be accompanied by the transcripts of the hearings. Thus, we act upon such an application after a careful review of the transcript as we did in this ease. This is not a case which merited departure from our general rule when we first considered it and would not after all the additional briefing and study which has been *835 generated, but for the order which requires us to generate this opinion.
No citation of authority is needed for the proposition that the trial judge’s function is to evaluate the credibility of witnesses who testify before him and to make reasonable findings of fact, draw reasonable inferences, and reach reasonable conclusions. In this case the trial judge exercised these functions with respect to the testimony of the arresting officer who was the sole witness at the hearing. We annex to this opinion as an appendix a copy of page 2 which reflects the heart of his testimony.
In our review of this testimony we defer to the trial judge whom we respect as fair and extremely able. He obviously concluded that the officer had reasonable cause to make an investigatory stop under LSA-C.CrJP. art. 215.1(A) and to frisk the defendant under 215.1(B). The trial judge obviously concluded that while the officer was conducting this lawful frisk the bag of crack cocaine slipped out of defendant’s waistband through his shorts and onto the ground in plain view of the officer. Defendant was the victim of bad luck or of his own carelessness in securing his cache of crack cocaine, but he was not the victim of an unlawful search and seizure.
Defendant’s argument is that we should substitute our own credibility evaluation of the officer and our own factual findings, inferences and | conclusions in order to reverse the judgment of the trial court. That is not the function of the appellate court, but that is the only way this judgment could be reversed.
Accordingly, the judgment of the trial court overruling defendant’s motion to suppress his crack cocaine is affirmed. The case is remanded to the trial court for further proceedings.

AFFIRMED AND REMANDED.